UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:24-cv-81429

PATRICK MERCARDANTE,

    Plaintiff,

v.

BANK OF AMERICA, N.A., CITIBANK, N.A., and EQUIFAX INFORMATION SERVICES, LLC,

    Defendants.

## NOTICE OF REMOVAL

Defendant Bank of America, N.A. ("BANA"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby files this Notice of Removal of the above-styled action currently pending the County Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida ("State Court"), to the United States District Court for the Southern District of Florida, West Palm Beach Division. In support of this Notice of Removal, and to provide a short and plain statement of the grounds for removal, BANA states as follows:

**I.      BACKGROUND AND PROCEDURAL POSTURE**

1. On October 23, 2024, Plaintiff Patrick Mercardante ("Plaintiff") filed the Amended Complaint (the "Amended Complaint") against BANA in the State Court in the case styled as *Patrick Mercardante v. Bank of America, N.A., Citibank, N.A., and Equifax Information Services, LLC*, Case No. 50-2024-CC-015875-XXXA-MB (the "State Court Action").

2. On October 30, 2024, BANA was served with the Summons and Amended Complaint.

3. This Notice of Removal is being filed with this Court within thirty (30) days of service of the Summons and Complaint as required by 28 U.S.C. § 1446(b).

4. True and correct copies of all process, pleadings, and orders served on BANA in the State Court Action are attached hereto as **Composite Exhibit A**.

5. Removal is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the Amended Complaint purports to allege a cause of action arising under a federal statute, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). *See* Ex. A, Am. Compl. at ¶¶ 1, 40–51.

6. In accordance with 28 U.S.C. § 1446(d), Defendant BANA has contemporaneously filed a Notice of Filing Notice of Removal in the State Court Action and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing Notice of Removal in the State Court Action is attached hereto as **Exhibit B**.

7. In accordance with 28 U.S.C. § 1446(d), BANA has given written notice to Plaintiff by contemporaneously serving this Notice of Removal on counsel for Plaintiff. Defendants Equifax Information Services, LLC ("Equifax") and Citibank, N.A. ("Citibank"),[1] either consent to the removal of this action or have not yet been served. *See* 28 U.S.C. § 1446(b)(2)(A). A copy of a written consent to the removal of the State Court Action to this Court executed by counsel on behalf of Equifax is attached hereto as **Exhibit C**.

8. As required by 28 U.S.C. § 1441, BANA removes this case to the United States District Court for the Southern District of Florida, West Palm Beach Division, which is the federal

---

[1] Upon information and belief, Citibank has not yet "been properly joined and served" and thus is not required to "join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Case 9:24-cv-81429-RLR Document 1 Entered on FLSD Docket 11/15/2024 Page 3 of 6

district court that embraces the place where the State Court Action is pending. *See* 28 U.S.C. §§ 1441(a), 89(c).

9. In filing this Notice of Removal, BANA does not waive and specifically reserves any and all defenses, exceptions, rights, and motions, including but not limited to failure to properly effectuate service of process. No statement or omission in this Notice shall be deemed an admission of any of the allegations of or relief sought in the Amended Complaint.

10. As set forth below, this case is properly removed to this Court, because this Court has federal question jurisdiction under 28 U.S.C. § 1331.

## II. THE COURT HAS FEDERAL QUESTION JURISDICTION

11. Removal is proper under 28 U.S.C. § 1441 because this United States District Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331. Section 1331 provides that the District Courts shall have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

12. Plaintiff's Amended Complaint purports to allege a cause of action under the FCRA, a federal statute. *See* Ex. A, Am. Compl. at ¶¶ 1, 40–51. Specifically, Plaintiff alleges that BANA violated the FCRA by failing to: (i) investigate Plaintiff's disputes and provide the results of its investigation to Plaintiff and the credit reporting agencies ("CRAs"); (ii) promptly modify the inaccurate information on Plaintiff's credit reports; and (iii) promptly correct plaintiff's inaccurate credit information with all CRAs. *See* Ex. A, Am. Compl. at ¶¶ 45–47.

13. Because the FCRA is a federal statute, federal question jurisdiction exists. *See Valdivieso v. Atlas Air, Inc.*, 128 F. Supp. 2d 1371, 1373 (S.D. Fla. 2001) (stating that "[FCRA] actions are removable") (citing *Lockard v. Equifax, Inc.*, 163 F.3d 1259 (11th Cir. 1998)); *see also*

*Inetianbor v. CashCall, Inc.*, 923 F. Supp. 2d 1358, 1361 (S.D. Fla. 2013) (Stating "the Court has jurisdiction over the FCRA claim under § 1331, because such claim arises under federal law.").

14. Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### III. CONCLUSION

WHEREFORE, for the foregoing reasons and authorities, Defendant BANA removes the above-captioned action now pending in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida, West Palm Beach Division, and requests that said District Court assume exclusive jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: November 15, 2024        Respectfully Submitted,

**McGUIREWOODS LLP**

By:    */s/ Jackson M. Story*
      Jason R. Bowyer (Lead Counsel)
      Florida Bar No. 693731
      Primary Email: jbowyer@mcguirewoods.com
      Secondary Email: fladmin@mcguirewoods.com
      Jackson M. Story
      Florida Bar No. 1032001
      Primary Email: jstory@mcguirewoods.com
      Secondary Email: flservice@mcguirewoods.com
      50 North Laura Street, Suite 3300
      Jacksonville, Florida 32202
      (904) 798-3200
      (904) 798-3207 (fax)

*Attorneys for Defendant Bank of America, N.A.*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY THAT ON November 15, 2024, a true and correct copy of the foregoing document was served on the following counsel of record via electronic mail:

**Via E-Mail**

Thomas J. Bellinder, Esq.
Law Offices of Robert S. Gitmeid &
Associates, PLLC
180 Maiden Lane, 27th Floor
New York, NY 10038
Thomas.B@gitmeidlaw.com

*Attorneys for Plaintiff Patrick Mercardante*

                                                           */s/ Jackson M. Story*
                                                              Attorney